## IN THE MATTER OF C. WILLIAM DAVIES, AN ATTORNEY-AT-LAW.

Argued January 22, 1963—Decided February 18, 1963.

On order to show cause why respondent should not be disciplined.

*Mr. David G. Lucas,* for the order to show cause.

*Mr. Martin L. Haines* argued the cause for respondent (*Mr. Budd M. Rigg,* co-counsel; *Messrs. Dimon, Haines & Bunting,* attorneys).

The opinion of the court was delivered

PER CURIAM. Respondent was recommended to one Joseph Smekal who, seriously ill, wanted to make a will. Respondent prepared a will which Smekal executed. Respondent also prepared a power of attorney authorizing him to enter Smekal's vault, which respondent did, removing $10,860 in cash, which he placed in his own vault. Smekal died within a matter of weeks. Smekal's brother was the executor and one of the two beneficiaries under the will. He retained respondent to handle the estate.

The complaint before the Ethics Committee arose largely from dissatisfaction with the fee of $3,000 paid to respondent. Respondent claimed the beneficiaries proposed that charge when they retained him and that if the charge was excessive for the services to the estate, it was well earned when account is taken of other matters which he later handled for these undoubtedly difficult people. The beneficiaries deny agreeing to the fee.

The Ethics Committee found that although the fee was high, it was not unconscionable under all the circumstances. It found for respondent on some other charges which, we agree, were unwarranted. We were troubled with the Committee's report because the record which reached us revealed that the inheritance tax return did not disclose the $10,860 in cash, stated the deceased had no safe deposit box, and showed the fee to be paid respondent to be $500 rather than $3,000. Wholly apart from the question whether the fee charged reflected an intent to overreach the clients, *In re Quinn,* 25 N. J. 284 (1957), we were disturbed by the question whether respondent was a party to a plan to conceal the existence of the cash to avoid the payment of taxes. The

complainants, who knew of the cash (the record dispels any notion that respondent attempted to conceal its existence from the beneficiaries), of course advanced no such charge.

We referred the matter to a judge of the Superior Court for further exploration. His findings were: (1) respondent "had no authority to prepare the Power of Attorney and take over the assets of Joseph Smekal prior to his death"; (2) "there was no intent on the part of respondent not to report it [the cash] or to hide it from view," and "The failure to include these items [in the return] appears to be carelessness and neglect on the part of the respondent"; and (3) the fee of $3,000 was excessive.

We think the first finding is not supported by the record. There is no evidence affirmatively to that effect, and if the finding is meant to include an improper motive, it would appear to be inconsistent with the second finding.

As to the second finding, we are satisfied that respondent had no intent to conceal the assets from the beneficiaries, but frankly we find it difficult to accept the explanation that the inheritance tax report was the product of mere neglect. Yet the judge who saw and heard the witnesses so found, and the prosecutor before us did not question that finding with the result that respondent first knew of our doubts at the oral argument and hence had not briefed the matter. We suggested respondent file a supplemental memorandum, which he did. Under all the circumstances we feel obliged to accept the finding, but the admission of gross neglect by which respondent explains the return warrants our strong disapproval and censure, notwithstanding that we are loathe to find that a non-willful neglect should lead to discipline.

We agree the fee was grossly excessive for the services rendered the estate. There was no finding of an intent to overreach. Respondent offers to make any adjustment we suggest. Ordinarily, we do not fix fees in disciplinary matters, but in the circumstances of this case we think we should. In view of the work involved and the very carelessness by

which respondent explains his handling of the matter, we find he should remit the sum of $2,500.

The order to show cause is discharged.

*For discharge of rule*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.